UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIEL COULON AND JOAN COULON | * | CIVIL ACTION NO. |
| | * | |
| VS. | * | SECTION: |
| | * | |
| LOUISIANA-I GAMING, A LOUISIANA PARTNERSHIP IN COMMENDAM D/B/A BOOMTOWN CASINO NEW ORLEANS, PINNACLE ENTERTAINMENT, INC., AND ABC INSURANCE COMPANY | * * * * * | JUDGE:<br><br>MAGISTRATE JUDGE: |

* * * * * * * * * * * * * * * * * * * * *

## **NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, come the Defendants, Louisiana-I Gaming, a Louisiana Partnership in Commendam d/b/a Boomtown Casino New Orleans and Pinnacle Entertainment, Inc., to file this Notice of Removal to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1441(b) ("Removal based upon diversity of citizenship") on the following grounds:

1.

On January 31, 2019, a Petition for Damages was filed on behalf of Daniel Coulon and Joan Coulon in the 24th Judicial District Court, Parish of Jefferson, Docket No. 791-745, Division "F" and styled *Daniel Coulon and Joan Coulon v. Louisiana-I Gaming, a Louisiana Partnership in Commendam d/b/a Boomtown Casino New Orleans, Pinnacle Entertainment, Inc., Parish of Jefferson and ABC Insurance Co.* See Petition served upon Pinnacle Entertainment, Inc. to date (Exh. 1).[1]

---

[1] All pleadings filed in the State Court matter have been attached hereto.

2.

On February 16, 2019, Pinnacle Entertainment, Inc. was served through its registered agent for service. *See* Citation and Petition served on Pinnacle Entertainment, Inc. (Exh. 1). Pinnacle Entertainment, Inc. and Louisiana-I Gaming, a Louisiana Partnership in Commendam filed their Answer and Request for Jury on March 22, 2019. *See* Answer (Exh. 3).

3.

As can be seen from the Petition, the Plaintiff Daniel Coulon claims that he tripped and fell while walking from the sidewalk toward the crosswalk, crossing the main entrance street to Boomtown Casino on February 16, 2018, causing him injury including a laceration to his hand and fractured ribs. *See* Petition at ¶ 3 and 5 (Exh. 1).

4.

On February 15, 2019, Jefferson Parish filed is Answer. *See* Exh. 3. After conducting written discovery, Jefferson Parish filed a Motion for Summary Judgment. *See* Exh. 7. The Plaintiff chose not oppose the Motion and a Consent Judgment was entered dismissing Jefferson Parish. *See* Exh. 8. Judge Mentz signed the Consent Judgment of Dismissal on December 2, 2019. *Id.*

5.

The United States District Court for the Eastern District of Louisiana is the federal district embracing the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, where the suit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C. § 1441(a) and 28 U.S.C. § 98(a).

6.

As set forth in the Petition, the Plaintiffs Daniel Coulon and Joan Coulon are domiciled in Jefferson Parish, Louisiana. *See* Petition at first introductory paragraph (Exhibit 1).

7.

As set forth in the attached Affidavit, the entity which actually owns and operates the business of Boomtown Casino is Louisiana-I Gaming, a Louisiana Partnership in Commendam. *See* Aff. Tranchina at ¶ 2 (Exh. 10). Louisiana-I Gaming has only two partners – Boomtown LLC and Pinnacle MLS, LLC. *Id*. Boomtown, LLC was the general partner and a limited partner at the relevant time and Pinnacle MLS, LLC was a limited partner. *Id*. Pinnacle MLS, LLC and Boomtown, LLC are both Delaware Limited Liability Companies. *Id* at ¶ 4. The sole member of Pinnacle MLS, LLC is Pinnacle Entertainment, Inc. *Id*. The sole member of Boomtown, LLC is Pinnacle MLS, LLC. *Id*. Pinnacle Entertainment, Inc. is a Delaware corporation which maintains its principal place of business in Nevada. *Id* at ¶ 5.

8.

The real estate and casino associated with Boomtown Casino & Hotel New Orleans was and continues to be owned by Gold Merger Sub, LLC, a Delaware limited liability company, and a wholly-owned subsidiary of Gaming and Leisure Properties, Inc., a Pennsylvania corporation with its principal place of business in Pennsylvania. *See* Aff. Tranchina at ¶ 3. Boomtown manages all day-to-day activities and handles regular maintenance. Gaming and Leisure Properties, Inc. is a real estate investment trust and does not have active involvement in the managing of Boomtown.

9.

The citizenship of a limited partnership is based upon the citizenship of each of its partners. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 9/15/08)(citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)(holding that the citizenship of an unincorporated entity or association, such as a partnership, is based upon the citizenship of each of its members)). Similarly, the citizenship of a LLC is determined by the citizenship of all of its members. *See Harvey* at 1080. Thus, the citizenship of Louisiana-I Gaming is determined by its partners, which are limited liability companies. In turn, the citizenship of Boomtown, LLC and Pinnacle MLS, LLC are determined by the sole member of each, which is Pinnacle Entertainment, Inc. Similarly, the legal owner of the land (Gold Merger Sub, LLC) takes the citizenship of its corporate owner, Gaming and Leisure Properties, Inc., which was and continues to be domiciled and principally located in Pennsylvania. Although "ABC Insurance Company" was also named as a defendant, 28 U.S.C. §1441(b) states that the citizenship of defendants sued under fictitious names shall be disregarded. In any event, the insurer of Louisiana-I Gaming is a foreign insurer. Since Pinnacle Entertainment, Inc. and Gaming and Leisure Properties, Inc. are foreign corporations and the Plaintiff is a Louisiana resident, there is complete diversity as between the Plaintiff and all Defendants and even potential Defendants.

10.

Pursuant to 28 U.S.C. § 1332, this Honorable Court has jurisdiction over any matter in which the parties are citizens of different states and where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

11.

Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal of a civil action or proceeding shall be filed within 30 days after receipt by the Defendant, through service or otherwise, of the copy of the initial pleading setting forth the claim for relief upon which such action or pleading is based, or within 30 days after service of summons upon the Defendant if such initial pleading has been filed in court and is not required to be served on the Defendant, whichever period is shorter.  *See* 28 U.S.C. § 1446(b)(1).  However, if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or <u>other paper</u> from which it may first be ascertained that the case is one which is or has become removable.  *See* 28 U.S.C. § 1446(b)(3)[emphasis added].

12.

On November 25, 2019, the Defendants received a response to their Request for Admission in which Plaintiff admitted that the value of his claim for damages exceeds $75,000.00, exclusive of interest and costs. *See* Resp. to Req. Admission No. 1 (Exh. 9); Request for Admission (Exh. 9).  A discovery response may constitute an "other paper" under the federal removal statute, notifying defendant of an action's removability and triggering the 30-day removability period. *See Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 Fed.Appx. 437, 440 (5th Cir. 3/4/11)(citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992)).  As discussed further below, the action became removable after the formal dismissal of Jefferson Parish, the non-diverse party.

13.

The Court signed the Order dismissing Jefferson Parish from the case on December 2, 2019.  The Plaintiff's decision to not oppose the Motion for Summary Judgment equates to a voluntary discontinuance of the action as to the only non-diverse defendant. Jefferson Parish, as a subdivision of the State of Louisiana, is considered a citizen of Louisiana for jurisdictional purposes. *See Jefferson Parish v. Equitable Petroleum Corp.*, 2015 WL 2372362 (E.D. La. 5/18/15)(citing *Moor v. Alameda Cnty.*, 411 U.S. 693 (1973)). If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, **order** or other paper from which it may first be ascertained that the case is one which is or has become removable. *See* 28 U.S.C. § 1446(b)(3)[emphasis added]. The case was not removable on the basis of the initial petition due to Jefferson Parish being a named defendant. However, the case became removable on December 2, 2019 when Judge Mentz signed a consent judgment dismissing Jefferson Parish and therefore Boomtown was provided thirty (30) days from December 2, 2019 in which remove the matter to this Honorable Court.

14.

Under the judicially-created "voluntary-involuntary" rule, an action non-removable when commenced may become removable thereafter only by the voluntary act of the plaintiff. *See Crockett v. R.J. Reynolds Tobacco Co*, 436 F.3d 529 (5th Cir. 1/13/16)(citing *Weems v. Louis Dreyfous Corp.*, 380 F.2d 545, 547 (5th Cir. 1967)). Here, the Plaintiffs voluntarily allowed for the dismissal of Jefferson Parish because Plaintiffs agreed to their dismissal as reflected by the consent judgment.

15.

Even if the dismissal of Jefferson Parish is not considered "voluntary" on the part of the Plaintiff, the courts have also recognized an exception to the voluntary-involuntary rule where a claim against a non-diverse or in-state defendant is dismissed on account of fraudulent joinder. See *Crockett* at 532 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). Fraudulent joinder can be established by demonstrating either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. A party can be improperly joined even without being fraudulently joined. *See Crocket* at 533. Here, the Plaintiffs have demonstrated an "inability" to establish a cause of action against Jefferson Parish by not opposing its motion for summary judgment and by consenting to the dismissal of Jefferson Parish.

16.

Promptly after filing of the Notice of Removal, Defendant will serve written notice on the adverse parties, through their attorney of record, a copy of the Notice of Removal being filed with the Clerk of Court for 24th Judicial District Court for the Parish of Jefferson, to effect removal of this action, all in conformity with 28 U.S.C. § 1446(d).

WHEREFORE, Defendants, Louisiana-I Gaming, a Louisiana Partnership in Commendam d/b/a Boomtown Casino New Orleans and Pinnacle Entertainment, Inc. pray that the above-described civil action be removed from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to this Honorable Court; that this Court enter such orders and issue such process as may be necessary and proper to bring before it a copy of all records in the proceeding presently pending before the aforesaid state court, and thereafter proceed with the civil action as if it were originally commenced

in this Court, and for all necessary and appropriate orders and decrees in accordance with the applicable law.

                                      Respectfully submitted,

                                      **GAUDRY, RANSON, HIGGINS**
                                       **& GREMILLION, L.L.C.**

**BY:**   */s/ Gino R. Forte*
           **WADE A LANGLOIS, III (Bar #17681)**
           **GINO R. FORTE (#29190)**
           401 Whitney Ave., Suite 500
           Gretna, LA  70056
           Telephone:  (504) 362-2466
           Fax: (504) 362-5938
           Email: wlanglois@grhg.net
                    gforte@grhg.net
           *Counsel for Defendants, Louisiana-I Gaming, a Louisiana Partnership in Commendam d/b/a Boomtown Casino New Orleans and Pinnacle Entertainment, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of December 2019, the foregoing pleading was filed electronically with the Clerk using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

                                   */s/ Gino R. Forte*
                                   GINO R. FORTE

G:\3198\0130\PLEADINGS\Notice of Removal\Notice of Removal (Federal).docx